H. B. NEWTON AND W. L. PARSLEY ET AL. v. H. A. BROWN ET AL.

(Filed 23 March, 1910.)

1. **Injunction—Parties—Strangers—Damages—Evidence.**

Upon the dissolution of the defendant's restraining order, evidence of damages sustained by a corporation, not made a party, claimed upon the ground that plaintiff was its president and a stockholder and held the *locus in quo* for it under an express trust, is properly excluded, the issue of title being only between the plaintiffs and defendants, and there being nothing on record to put the obligors on the defendant's bond upon notice of any liability to the corporation.

2. **Timber Deeds—Injunction—Measure of Damages—Questions for Jury.**

The jury having established the plaintiff's right to cut timber on the *locus in quo* under a timber deed, running for a period of ten years, and a restraining order, withholding such right for a period of several years, being dissolved, it was error for the trial judge to charge the jury that only nominal damages were recoverable by the plaintiff. It was for the jury to say, upon competent evidence, whether the reduction of the term for cutting the timber had caused damage to plaintiff.

APPEAL from *Ward, J.,* at January (Special) Term, 1910, of PENDER.

Civil action brought by plaintiffs to recover damages for a trespass upon lands alleged to be owned by plaintiffs. Defendants denied plaintiffs' title and claimed ownership of the land themselves.

Injunctions prohibiting cutting and removing the timber were issued restraining defendants, and also, at instance of defendants, restraining plaintiffs.

Upon the trial of the action the jury found that McKoy was the owner of all the land described in the complaint, and that Parsley was the owner of the timber on the same. Upon the rendition of the verdict, the plaintiffs moved the court for a retention of the cause on the docket for the assessment of damages accruing to them against the defendants and their sureties by reason of the wrongful issuance of the restraining order; and the court so ordered.

The assessment of damages came on to be heard before his Honor, *George W. Ward, Judge,* and a jury, at the special January term of the Superior Court of Pender County, and upon said hearing the court ruled that the plaintiff Parsley could only recover nominal damages, and so charged the jury, and judgment was signed as set out in the record, and the plaintiff Parsley appealed.

*E. K. Bryan* for plaintiffs.
*J. T. Bland, Meares & Ruark, Stevens, Beasley & Weeks* for defendants.

BROWN, J., after stating the facts: 1. We are of opinion that his Honor did not err in excluding evidence as to damage sustained by the Hilton Lumber Company in its business, claimed to be competent upon the theory that Parsley held the title to the timber as trustee of an express trust for the benefit of the Hilton Lumber Company.

There is no contention that Parsley was trustee of the business of the Hilton Lumber Company, or that this suit was brought for it. He was its president and a stockholder, but occupied no other relation to it. The company was no party to this action and has no *locus standi* which gives it the right to move in this cause for any damages it may have sustained. Parsley does not allege in the complaint that he held the title to the timber in trust for the Hilton Lumber Company. On the contrary, he expressly avers that he owns the timber in his own right, and it was so found by the jury. Consequently,

there is nothing in the record which could put the obligors to the defendant's injunction bond upon notice that they assumed any liability to the Hilton Lumber Company or to any one else other than the plaintiffs of record.

The terms of the bond expressly confine the liability of the obligors to such damages as the plaintiffs H. B. Newton and W. L. Parsley may recover.

2. Whether Parsley holds the title to the timber for himself, or under an express trust, he is entitled to recover such damages as his estate and interest in the timber suffered or was diminished in value by the wrongful suing out of the writ of injunction.

According to the deed from Newton to Parsley, dated 30 December, 1901, the grantee has an estate in all the timber of certain dimensions growing on the land, which estate expires at the end of ten years. During that period the grantee had certain rights conferred upon him which expired at the end of that time. It appears that the injunction was in force from 3 November, 1903, until the final judgment entered in this cause, a period of several years. It may be that this materially diminished the value of plaintiffs' estate in the timber, and that it would not sell for as much now as it would have done then. If so, it would entitle him to more than merely nominal damages. Without definite evidence upon the subject, it may be assumed that there is more than a nominal difference in an estate for some eight years' standing timber and one which has only two or three years to run. Or it may turn out that the timber is worth more now, notwithstanding the brief period remaining for its removal, than plaintiff could have realized for it during the time he was enjoined. If so, he would have sustained no substantial damage. We think his Honor erred in directing a verdict for merely nominal damages.

New trial.